UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER, | No. 2:21-cv-2170 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| J. THOMAS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims he has received inadequate medical treatment in violation of his rights under the Eighth Amendment. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint (ECF No. 1) for screening. For the reasons set forth below, the court will deny the motion to proceed in forma pauperis and recommend that the complaint be dismissed without leave to amend.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the Complaint

Plaintiff claims the events giving rise to the claim occurred while plaintiff was incarcerated at California Medical Facility ("CMF"). (ECF No. 1 at 1.) Plaintiff has named the following defendants: (1) supervising registered nurse, J. Thomas; (2) chief executive officer, William Kushner; (3) chief, S. Gates; and (4) the healthcare appeals branch. (Id. at 1-2.)

Plaintiff has raised three seemingly unrelated issues in the complaint: (1) lack of proper medical treatment for an injury suffered prior to confinement in prison (Id. at 3); (2) plaintiff was falsely accused of several sexual assault crimes (Id. at 4); and (3) plaintiff has not been interviewed by medical regarding diet issues (Id. at 5). Plaintiff seeks monetary damages as well as an order revoking the license of psych tech B. Zarco.[1]

## III. Failure to State a Claim

Examination of the complaint and review of the Court's docket reveals that the pleading filed in this action contains allegations that are virtually identical to, and therefore duplicative of, the complaint filed November 15, 2021 in Miller v. Mule Creek State Prison, No. 2:21-cv-2104 DB P (E.D. Cal.). "A complaint 'that merely repeats pending or previously litigated claims'" is

---

[1] The court notes that Zarco is not named as a defendant and the complaint does not contain any factual allegations indicating why plaintiff has sought relief from Zarco.

subject to dismissal under 28 U.S.C. § 1915(e).  Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).  "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e).  See Bailey, 846 F.2d at 1021.  "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

To determine whether a claim is duplicative, courts use the test for claim preclusion. Adams, 487 F.3d at 688.  "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action are the same."  Id. at 689 (citations omitted).  "Plaintiffs generally have not right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant."  Id. at 688 (internal quotation marks and citations omitted).

In both this action and Miller v. Mule Creek State Prison, No. 2:21-cv-2104 DB P, plaintiff has alleged: (1) a lack of proper medical treatment for a knee injury sustained before plaintiff came to prison; (2) plaintiff was wrongfully convicted of several sexual assault crimes; and (3) lack of proper diet causing plaintiff to lose weight.  Both actions identify S. Gates as a defendant.  However, the instant action identifies defendants in addition to S. Gates.  Both actions seek monetary damages.  The court finds that this action is duplicative of Miller v. Mule Creek State Prison, No. 2:21-cv-2104 DB P because it repeats the same allegations against similar defendants and seeks similar relief.  Accordingly, the complaint should be dismissed.

**IV.     No Leave to Amend**

For the reasons stated above, the complaint should be dismissed.  The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. V. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,

701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Here, given the defects noted above, the undersigned finds that granting leave to amend would be futile.

## IN FORMA PAUPERIS

Plaintiff submitted an affidavit and prison trust account statement that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Nevertheless, because this court recommends dismissal of this action without leave to amend, the court further recommends that plaintiff's request to proceed in forma pauperis be denied as moot.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis (ECF No. 2) be denied as moot; and

2. The complaint (ECF No. 1) be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 14, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/mill2170.scrn fr